[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12772
Non-Argument Calendar

_____

D. C. Docket No. 06-00332-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAN MILTON TERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 11, 2007)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Antwan Milton Terry appeals his conviction and sentence for possession

with intent to distribute a variety of controlled substances, in violation of 21 U.S.C. § 841(a). Terry argues that the district court erred in denying his motion to suppress evidence seized from a storage unit pursuant to a warrantless search and that the district court erred by not considering the disparity in the 100:1 cocaine to crack ratio in determining his sentence.

"The denial of a motion to suppress presents a mixed question of law and fact. We must defer to the district court's findings of fact unless clearly erroneous, but we are to review the district court's application of the law to the facts de novo." United States v. Fernandez, 58 F.3d 593, 596 (11th Cir. 1995). "To have standing to challenge a search, one must manifest a subjective expectation of privacy in the invaded area that society is prepared to recognize as reasonable. The individual's expectation, viewed objectively, must be justifiable under the circumstances. The individual challenging the search bears the burdens of proof and persuasion." United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998) (internal quotations and citations omitted).

We find no error in the district court's conclusion that Terry failed to meet his burden of demonstrating that he had a reasonable expectation of a right to privacy in storage unit C-4, the storage unit which was searched, as that unit did not belong to him.

We find meritless Terry's argument that the district court was obliged to consider the crack-to-cocaine ratio in sentencing. See United States v. Williams, 456 F.3d 1353, 1366-67 (11th Cir. 2006), cert. dismissed, 127 S. Ct. 3040 (2007).

Accordingly, Terry's conviction and sentence are affirmed.

**AFFIRMED.**